**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1731**

_____

FREDRIS SERRANO-RODRIGUEZ, a/k/a Fredis Serrano-Rodriguez,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  December 13, 2016     Decided:  December 19, 2016

_____

Before KEENAN and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Petition dismissed by unpublished per curiam opinion.

_____

Chris E. Greene, GREENE & ASSOCIATES, INC., Charlotte, North Carolina, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Carl McIntyre, Assistant Director, Gregory A. Pennington, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fredris Serrano-Rodriguez (Serrano), a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) denial of his request for cancellation of removal.

As noted by the Board, Serrano did not argue that the IJ erred in finding him ineligible for cancellation of removal, but instead contended that "the Board should reconsider its interpretation of the alien smuggling provision under [8 U.S.C. § 1182](a)(6)(E)(i) [2012] of the [Immigration and Nationality] Act." Serrano raises new arguments, however, before this court. He now argues that the agency erred in finding him ineligible for cancellation of removal, claiming that his case is distinguishable from our decision in Ramos v. Holder, 660 F.3d 200 (4th Cir. 2011), and that the record is inconclusive as to whether he engaged in alien smuggling.

We lack jurisdiction over these new claims, which were not properly exhausted before the Board. See 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotations omitted)). Accordingly, we

2

dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED